BEFORE THE SECOND DIVISION, MAY 10, 1949

**No. 53132.**—Steckler Sales Co. *v.* United States, protest 100905–K (New York).

TILSON, Judge: The question presented by this suit is the proper classification of certain imported merchandise known as catheters. These catheters were classified by the collector as articles in part of braid and duty was levied thereon at the rate of 90 percent ad valorem under paragraph 1529 of the Tariff Act of 1930. Plaintiff claims said merchandise to be properly dutiable at only 40 percent ad valorem under paragraph 923 of said act, as manufactures wholly or in chief value of cotton, not specially provided for.

At the trial of the case counsel for the plaintiff called one witness who was well-qualified in the manufacture of braids as well as in the uses to which they are put. A sample of the imported merchandise was admitted in evidence and marked exhibit 1. As to the structure of exhibit 1 the witness testified that "The texture of a braid is there, yes, on the inside"; that what could be observed on the inside of exhibit 1 was not available as a braid any more; that he had observed braid used on a woman's coat or dress, or uniform braid, and that in such instances he would say that the article was in part of braid where you can recognize the braid; that looking at exhibit 1, he would say that that was an article no longer in part of braid "* * * because it can't be recognized as such."

On cross-examination the witness testified that exhibit 1, in his opinion, originally contained a braid.

X Q. So that it does contain a braid?—A. Yes.

X Q. And what kind of a braid would you say that it contains?—A. I would call it a cotton tubular braid.

He testified further that the tubular braid had been submerged in some plastic so as to form the outer covering and that by scraping some of the plastic off, the design of the braid that could be seen was very much distorted.

On re-direct examination the witness testified as follows:

R Q. Assuming that in the manufacture of Exhibit 1 a tubular braid was used as one of the component materials, would you say that as a result of the further manufacturing processes the tubular braid has lost its identity as braid?—A. Yes, sir.

Counsel for both parties in their briefs filed herein cite authorities in support of their respective contentions, but, in view of the fact that we feel compelled to hold that the conflicting testimony of the only witness presented is not sufficient to overcome the presumption of correctness in favor of the collector's classification, we do not feel that it is necessary to analyze and discuss these authorities.

All the claims of the plaintiff are overruled. Judgment will be rendered accordingly.